UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEI PEI ROSSEWEY and APRIL DRUGASH,
on behalf of themselves and all those
similarly situated,

Plaintiffs,

vs.                                          Case No.

AVERY TRITT HOLDINGS, LLC
d/b/a HYGEIA HOME HEALTH,
AVERY PARTNERS, INC.,
ALLISON BRICKER, and JEFF MOORE,

Defendants.
_____/

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW Plaintiffs PEI PEI ROSSEWEY ("Rossewey") and APRIL DRUGASH ("Drugash") individually and on behalf of all others similarly situated, by their undersigned attorneys, and alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. AVERY TRITT HOLDINGS, LLC d/b/a HYGEIA HOME HEALTH ("Hygeia") is a Georgia limited liability company with its principal address in Pinellas County, Florida.

2. AVERY PARTNERS, INC. ("Avery"), is a Georgia corporation which conducts business in Pinellas County, Florida.

3. ALLISON BRICKER is an individual who, upon information and belief, resides in Pinellas County, Florida.

4. JEFF MOORE is an individual, the CEO of Avery, the Managing Partner of Hygeia, and upon information and belief maintains residences in Marion County, Florida and Pinellas County, Florida and conducts business in Pinellas County, Florida.

5. Rossewey and Drugash bring this action on behalf of themselves and similarly situated current and former employees of Defendants who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, and specifically, its collective action provision, 29 U.S.C. § 216(b), for unpaid minimum wage and overtime wages.

## **JURISDICTION**

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the FLSA.

7. This Court also has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## **VENUE**

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants do business within, this District.

## PARTIES

### Plaintiff Rossewey

10. Rossewey resides in Pinellas County, Florida and is a citizen of the State of Florida.

11. Rossewey worked for Defendants as a non-exempt employee from approximately January 17, 2022 through approximately April 22, 2025.

12. Rossewey typically worked approximately sixty hours or more per week for Defendants' benefit.

13. Rossewey was not paid the minimum wage for all hours worked and was not paid overtime for all of the hours she worked over 40 in a workweek.

14. Rossewey was paid a flat rate per visit to each patient and Defendants did not keep track of the hours Rossewey spent working for their benefit.

15. Rossewey spent many hours each week conducting work beyond patient visits for the benefit of Defendants for which she received no compensation whatsoever.

16. Rossewey never received overtime compensation from Defendants.

17. Many workweeks, Rossewey's pay was such that she did not even receive minimum wage for all hours worked.

18. Rossewey is a covered employee within the meaning of the FLSA.

19. Rossewey files herewith a written consent to join this action.

20. Rossewey, through her undersigned counsel, sent a pre-suit demand to Avery and Hygeia's attorney prior to filing this action but received no response.

**Plaintiff Drugash**

21.     Drugash resides in Pinellas County, Florida and is a citizen of the State of Florida.

22.     Drugash worked for Defendants as a non-exempt employee from approximately March 31, 2020 through approximately June 23, 2025.

23.     Drugash typically worked approximately sixty hours or more per week for Defendants' benefit.

24.     Drugash was not paid the minimum wage for all hours worked and was not paid overtime for all of the hours she worked over 40 in a workweek.

25.     Drugash was paid a flat rate per visit to each patient and Defendants did not keep track of the hours Drugash spent working for their benefit.

26.     Drugash spent many hours each week conducting work beyond patient visits for the benefit of Defendants for which she received no compensation whatsoever.

27.     Drugash never received overtime compensation from Defendants.

28.     Many workweeks, Drugash's pay was such that she did not even receive minimum wage for all hours worked.

29.     Drugash is a covered employee within the meaning of the FLSA.

30.     Drugash files herewith a written consent to join this action.

31.     Drugash, through her undersigned counsel, sent a pre-suit demand to Avery and Hygeia's attorney prior to filing this action but received no response.

**Defendants**

32. Hygeia is a covered employer as defined by the FLSA.

33. Avery is a covered employer as defined by the FLSA.

34. Bricker, who supervised Plaintiffs and had the ability to hire, fire, set schedules, and set wages, is a covered employer as defined by the FLSA.

35. Moore, as an officer of Avery and a managing member of Hygeia, a covered employer as defined by the FLSA.

36. Defendants employed Plaintiffs and similarly situated employees within the meaning of the FLSA.

37. Defendants had substantial control over the working conditions of Plaintiffs and similarly situated workers, and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

38. Defendants controlled Plaintiff's and similarly situated employees' terms and conditions of employment by determining their compensation, setting their hours, and assigning them their duties and responsibilities.

39. On information and belief, Hygeia and Avery are joint employers and their annual gross volume of sales made, or business done is not less than $500,000.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiffs bring the first and second Causes of Action, FLSA minimum wage and overtime claims, on behalf of themselves and all similarly situated persons who work or have worked as hourly non-exempt employees for Defendants at any time between September 22, 2022, and the date of final

judgment, who did not receive the minimum wage for all hours worked and/or overtime for all hours worked over 40 in a workweek, and who elect to join this action pursuant to 29 U.S.C. § 216(b) (the "**FLSA Collective**").

41. All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

42. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    (a) Willfully failing to pay Plaintiffs and the FLSA Collective the minimum wage for all hours worked;

    (b) Willfully failing to pay Plaintiffs and the FLSA Collective overtime for hours that they worked in excess of 40 hours per workweek; and

    (c) Willfully failing to record all of the time that Plaintiffs and the FLSA Collective have worked for the benefit of Defendants.

43. Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the FLSA Collective the minimum wage for all hours worked, and to pay an overtime premium for hours worked in excess of 40 per workweek.

44. Defendants' conduct has been widespread, repeated, and consistent.

45. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the members of the FLSA Collective.

46. Upon information and belief, the FLSA Collective consists of many similarly situated individuals who have been underpaid by Defendants in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## COLLECTIVE FACTUAL ALLEGATIONS

47. Plaintiffs and the members of the FLSA Collective have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the FLSA by denying them wages they are owed.

48. Defendants enforced a policy and practice of paying employees who treated patients a flat fee per patient visit, failing to keep track of the hours worked by those employees, and failing to compensate those employees for all hours worked such that the employees were paid at least the minimum wage and overtime premiums required under the FLSA.

49. Defendants did not keep any time records regarding the times that non-exempt employees actually started and stopped working and therefore did not accurately pay those employees for all hours worked.

## COUNT ONE

## Fair Labor Standards Act – Unpaid Minimum Wages
## (Brought on behalf of Plaintiffs Rossewey, Drugash and the FLSA Collective)

50. Plaintiffs repeat and reallege paragraphs 1 through 49, as if fully set forth herein.

51. Defendants failed to pay Plaintiffs and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

52. Defendants have engaged in a widespread policy, pattern, and practice of violating the FLSA, as detailed in this Complaint.

53. At all times relevant, Plaintiffs and the FLSA Collective were engaged in commerce and/or production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

54. At all times relevant, Plaintiffs and the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

55. At all times relevant, Defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

56. Defendants were required to pay Plaintiffs and the FLSA Collective the applicable minimum wage for all work performed from September 22, 2022, to the present.

57. As a result of Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to

recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

58. Defendants' unlawful conduct, as described in this Complaint, has been intentional and willful. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

59. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## COUNT TWO
### Fair Labor Standards Act – Unpaid Overtime
**(Brought on behalf of Plaintiffs Rossewey, Drugash, and the FLSA Collective)**

60. Plaintiffs repeat and reallege paragraphs 1 through 49, as if fully set forth herein.

61. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the FLSA Collective.

62. Defendants have failed to pay Plaintiffs and the FLSA Collective overtime for hours that they worked in excess of 40 hours in a workweek.

63. As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts,

9

liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

64. Defendants' unlawful conduct, as described in this Complaint, has been intentional and willful. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

65. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**WHEREFORE**, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request judgment as follows:

(a) That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above). Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied minimum wages for all hours worked, and overtime for all hours worked over 40 in a workweek;

(b) Unpaid minimum wages and overtime and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, et seq., and the supporting United States Department of Labor regulations;

(c) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

(d) An injunction requiring Defendants to pay all statutory required wages pursuant to the FLSA;

(e) Unpaid minimum wages, overtime, and liquidated damages under the FLSA;

(f) Pre- and post-judgment interest;

(g) Attorneys' fees and costs of this action;

(h) Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Respectfully submitted by,

*/s/Mandi B. Clay, Esq.*
**Mandi Ballard Clay, Esquire**
Florida Bar Number: 28808
mandi@threethirteenlaw.com
eservice@threethirteenlaw.com
**THREE THIRTEEN LAW, PLLC**
5408 Bruton Rd.
Plant City, FL 33565
Phone: (813) 530-9849
*Attorney for Plaintiffs*